UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ORLANDO CARTER, <br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, et al., <br> Defendants. | Case No. 1:17-cv-248 <br> Dlott, J. <br> Litkovitz, M.J. <br><br> **ORDER AND REPORT AND RECOMMENDATION** |

Proceeding pro se, plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552. This matter is before the Court on plaintiff's "Motion for Leave to Amend Summons for Defendant U.S. Attorney Office to Cure and Effect Proper Service." (Doc. 17). This matter is also before the Court on plaintiff's "Motion for Judicial Notice/Hearing and Default Judgment and Findings by the Court/Request for Hearing" (Doc. 12) and defendants' response thereto (Doc. 13).

**I. Motion to Cure and Effect Proper Service (Doc. 17)**

Plaintiff moves to cure and correct the address on his summons to effect proper service of process. (Doc. 17).

Absent service of process or waiver of service by the defendant, a court ordinarily may not exercise jurisdiction over a party named as a defendant. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999). The plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urban County Gov.*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). "[T]he requirement of proper service of process 'is not some mindless technicality.'" *Friedman v. Estate of Presser,* 929 F.2d 1151, 1155 (6th Cir. 1991) (quoting *Del*

*Raine v. Carlson,* 826 F.2d 698, 704 (7th Cir. 1987)). Moreover, the fact that a defendant may have received actual notice of the filing of the action cannot be a substitute for proper service of process. *LSJ Investment Co., Inc. v. O.L.D., Inc.,* 167 F.3d 320, 322 (6th Cir. 1999); *Friedman,* 929 F.2d at 1155-1156.

The federal defendants named in this lawsuit are the United States and various federal agencies. Fed. R. Civ. P. 4(i) sets forth the requirements for serving the United States and its Agencies, Corporations, Officers, or Employees. The Rule states:

> (1) *United States.* To serve the United States, a party must:
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk-or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(m) sets forth the time limit for effectuating service. It states:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

A review of the record in this case shows that plaintiff failed to properly serve the United States and the agencies he names as defendants. There is no indication in the record that plaintiff met the requirements of Rule 4(i)(1) by delivering a copy of the summons and complaint to the

United States attorney for this district or another individual specified in Rule 4(i)(1)(A)(i), or by sending a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States attorney's office, and (2) by sending a copy of each by registered or certified mail to the United States Attorney General at Washington, D.C. Fed. R. Civ. P. 4(i)(1)(A), (B). Further, defendants filed a notice of improper service with this Court on July 27, 2017. (Doc. 9). Plaintiff has failed to serve the United States within 90 days of the filing of the complaint and thus has failed to satisfy the requirements of Rule 4(m). However, because plaintiff has made an effort to address the deficiencies in service of process through the filing of the present motion to perfect service and has attempted to show good cause for his failure to timely effect service, the Court finds that an extension of time to allow plaintiff to perfect service is warranted. *See* Fed. R. Civ. P. 4(m). Therefore, plaintiff's motion for leave to cure and effect proper service is granted.

**II. Motion for Default Judgment, Findings by the Court, and Judicial Notice (Doc. 12)**

Plaintiff moves for default judgment against defendants pursuant to Federal Rule of Civil Procedure 55. (Doc. 12 at 4-5). Plaintiff is not entitled to an entry of default judgment against defendants.

Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters the party's default, the plaintiff must move the court for a default judgment under subsection (b)(2). Fed. R. Civ. P. 55(b)(2).

Defendants have not failed to plead or otherwise defend this case because, as explained above, plaintiff has not yet served defendants with proper service of process as required by Rule

3

4(i)(1). Default judgment is improper where service has not been effected. *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties. Therefore, if service of process was not proper, the court must set aside an entry of default.") (citation omitted). Therefore, plaintiff's motion for default judgment (Doc. 12) should be denied.

Plaintiff also requests that this Court issue several findings of fact pursuant to Federal Rule of Civil Procedure 52. (*Id.* at 5-6). Rule 52(a)(1) states: "In an action *tried* on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). Here, Rule 52 is inapplicable in this matter for two reasons. First, plaintiff has requested a jury trial to resolve this matter. (Complaint, Doc. 3). Second, at this early stage in the proceeding, plaintiff's case has not been tried. Therefore, plaintiff's motion for findings of fact pursuant to Rule 52 (Doc. 12) is not well-taken.

Plaintiff also requests that the Court take judicial notice of twelve facts pursuant to Federal Rule of Evidence 201. Specifically, plaintiff asks that the Court take judicial notice of facts related to service of process on defendants, documents and letters not pertinent to plaintiff's present claim against the United States, and a previous ruling of this Court.[1] (*See* Doc. 12 at 2-3). Plaintiff also asserts that he is entitled to a hearing under Rule 201(e). (*Id.* at 3).

Under the Federal Rules of Evidence, a district court may take judicial notice of a fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources

---

[1] Plaintiff's requests for judicial notice are not pertinent to his civil action against defendants to obtain records under the Freedom of Information Act. (*See* Complaint, Doc. 3).

4

whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court finds that plaintiff points to no facts appropriate for judicial notice as the facts sought to be judicially noticed are unrelated to his FOIA claim and are subject to reasonable dispute. *See Koenig v. USA Hockey, Inc.*, No. 2:09-cv-1097, 2010 WL 4873042, at *3 (S.D. Ohio June 14, 2010) ("[a] 'high degree of indisputability' is an essential prerequisite for a court to take judicial notice of a particular fact." (citation omitted). Further, plaintiff is not entitled to a hearing under this rule because "Federal Rule of Evidence 201(e) does not require 'under all circumstances, a formal hearing.'" *See Amadasu v. The Christ Hosp.*, 514 F.3d 504, 508 (6th Cir. 2008) (citation omitted). Here, plaintiff has had the opportunity to be heard on the issue of judicial notice by filing this present motion. *See id.* Therefore, plaintiff's motion for judicial notice and a hearing (Doc. 12) is denied.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's motion to cure and effect proper service (Doc. 17) is **GRANTED**. Plaintiff must perfect service on defendants within **60 DAYS** or risk dismissal of this matter under Rule 4(m). Pursuant to 5 U.S.C. § 552(a)(4)(C), defendants are entitled to 30 days from the date of service of process within which to file its answer or other responsive pleading. Plaintiff's motion for judicial notice/hearing (Doc. 12) is **DENIED**. Plaintiff's motion for findings by the Court under Rule 52 (Doc. 12) is **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion to default judgment (Doc. 12) be **DENIED**.

Date: 9/21/17

Karen L. Litkovitz
United States Magistrate Judge

5

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ORLANDO CARTER,
Plaintiff,

Case No. 1:17-cv-248
Dlott, J.
Litkovitz, M.J.

vs.

UNITED STATES OF AMERICA, et al.,
Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).