UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ORLANDO CARTER,
Plaintiff,

vs.

UNITED STATES OF AMERICA, et al.,
Defendants.

Case No. 1:17-cv-248
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

**I. Background**

Proceeding pro se, plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. This matter is before the Court on plaintiff's motion for a preliminary injunction (styled as "Emergency Motion for a Preliminary Junction/Request for Order to Show Cause/Date for Hearing"). (Doc. 19).

Plaintiff was granted leave to proceed *in forma pauperis* in this action on May 1, 2017. (Doc. 2). Plaintiff filed his complaint that same day. (Doc. 3). On September 21, 2017, the undersigned issued a Report recommending that plaintiff's motion for default judgment (Doc. 12) be denied. (Doc. 20). The undersigned ordered that service be perfected on defendants within sixty days. (*Id.*). Defendants filed an answer to plaintiff's complaint on October 23, 2017. (Doc. 22). On October 24, 2017, the undersigned entered a calendar order setting the discovery deadline for April 24, 2018 and the dispositive motion deadline for May 24, 2018. (Doc. 23).

Plaintiff filed his motion for a preliminary injunction on September 19, 2017. (Doc. 19). Defendants have not filed a response in opposition.

## II. Preliminary Injunction Motion

In his motion for a preliminary injunction, plaintiff argues that "[t]he government never verified the existence of a $4,000,000 prior to indicting Carter and filing pleadings in this Court." (Doc. 19 at 1). Plaintiff maintains that this failure violates his constitutional right to due process and causes "irreparable harm and injury daily." (*Id.*). Plaintiff seeks an injunction requiring defendants, including the "United States Department of Justice and its officials, attorneys, employees, agents, assigns, representatives, witnesses, and all those working in agreement, conspiracy or concert with the Defendant" to:

1. Refrain from its false claim that a $4,000,000 debt exist or existed between PNC Bank, fka National City Bank ("PNC") and CBST Acquisition LLC, a Dynus Corporation subsidiary ("Dynus") until such time the government provides certified and authenticated PNC Bank records for Dynus to be true and correct by a PNC Record Custodian under penalty of perjury which shows the authentic existence of a $4,000,000 debt "records" as requested in the Verified Complaint;

2. Refrain from its false claim that Government Exhibit 3.19 contains the legal name and entity of CBST Acquisition LLC and represents a certified and authenticated $4,000,000 demand upon CBST Acquisition LLC until such time the government provides such records as requested in Item 1 above;

3. Refrain from its false claim that a $9,500 financial relationship exists or existed between Dynus and Mary C. "Kay" Rogers until such time the government provides such information as requested in Exhibit A of the Verified Complaint; and

4. Refrain from its false claim that the FBI 302 Statements of local Cincinnati, Ohio PNC Bank Executives, Vince Rinaldi ("Rinaldi") and Ralph Martinez ("Martinez"), and others, regarding the authentic existence of a $4,000,000 debt, as entered by Defendant attorney, Mr. Benjamin Glassman, U.S. Attorney for the Southern District of Ohio into the record in Case No. 1:09-CR-051, Docket No. 166, pursuant to an Order of this court (Id., Docket No. 164), are true and correct and can be wholly relied upon by this court until such time the government provides such records as requested in Item 1 above.

(Doc. 19 at 2).

Plaintiff further states that without an injunction and court intervention, he has

"no remedy to prevent the false and injurious claims and allegations by government attorneys and investigators, their abuse of power as law enforcement employees, and their malicious and wrongful prosecution of a black business owner who they alleged concealed a $4,000,000 debt that never existed." (*Id.* at 4).

## III. Standard

Fed. R. Civ. P. 65 permits a party to a lawsuit to seek injunctive relief if he believes that he will suffer irreparable harm or injury while the suit is pending. In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000); *Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002).

The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary*, 228 F.3d at 736. "Moreover, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Overstreet*, 305 F.3d at 573.

## IV. Resolution

3

Plaintiff has not alleged facts sufficient to warrant a preliminary injunction. Although plaintiff has attempted to apply the above factors that must be weighed to his situation, he has not presented any evidence either showing a substantial likelihood of success on the merits or demonstrating that he will suffer irreparable harm absent a preliminary injunction. In addition, plaintiff raises issues in his motion for a preliminary injunction that are largely unrelated to the merits of his claim against defendants under FOIA. Plaintiff's motion for injunctive relief requests that defendants refrain from their alleged "false claim[s]" related to his 2010 criminal conviction. (Doc. 19 at 2). Plaintiff's complaint, though it mentions these alleged "false claims" several times, is brought under FOIA and seeks full responsiveness by defendants to his record request under FOIA, 5 U.S.C. § 552. (*See* Doc. 3).

A motion for preliminary injunctive relief is not the proper method for plaintiff "to use in an attempt to address other issues unrelated to his original complaint." *Hendricks v. Hazzard*, No. 2:11-cv-399, 2013 WL 2635729, at *3 (S.D. Ohio June 12, 2013) (Report and Recommendation) (Kemp, M.J.), *adopted,* 2013 WL 5944082, at *4 (S.D. Ohio Nov. 5, 2013). Rather,

> [t]he purpose of such relief "is simply to preserve the status quo." *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004); *see University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009). The availability of a TRO or preliminary injunction is inextricably intertwined with the merits of the underlying claim. For this reason, one of the principal factors in determining a plaintiff's entitlement to relief is the likelihood that the plaintiff will succeed on the merits of his underlying claims. *See United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011). Hence, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in the complaint. *See Colvin v. Caruso*, 605 F.3d 282, 298 (6th Cir. 2010).

*Id.*

A preliminary injunction is also not warranted here because the purpose of a preliminary

4

injunction - to preserve the status quo until a trial on the merits can be held, *see S. Milk Sales, Inc. v. Martin,* 924 F.2d 98, 102 (6th Cir. 1991) - would not be served. Plaintiff does not seek to preserve the status quo; instead he seeks to affirmatively correct alleged harms inflicted on him by government officials following his criminal conviction and records request. Such requests do not preserve the status quo of the parties and do not serve the purpose of a preliminary injunction.

The Court need not analyze the remaining factors because it is clear based on the above considerations that plaintiff is not entitled to the extraordinary relief he seeks. After fully reviewing this present motion and finding that plaintiff has not alleged sufficient facts warranting a preliminary injunction, the undersigned finds that plaintiff's request for a hearing on this matter is futile. Accordingly, plaintiff's motion for a preliminary injunction (Doc. 19) should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for a preliminary injunction (Doc. 19) be **DENIED**.

Date: 12/13/17

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ORLANDO CARTER,
　　　　Plaintiff,

vs.

UNITED STATES OF AMERICA, et al.,
　　　　Defendants.

Case No: 1:17-cv-248
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).