UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ORLANDO CARTER,
Plaintiff,

vs.

UNITED STATES OF AMERICA, et al.,
Defendants.

Case No. 1:17-cv-248
Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

Proceeding pro se, plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. This matter is before the Court on defendants' motion for summary judgment (Doc. 25), to which plaintiff has not filed a response in opposition. This matter is also before the Court on several of plaintiff's pretrial motions, including: motions to compel (Docs. 28, 31), defendants' response in opposition to the motions to compel (Doc. 32), and plaintiff's reply memorandum in support of the motions to compel (Doc. 34); motions for contempt/declaratory judgment (Docs. 33, 35); motion for an informal discovery conference (Doc. 27); motion for a hearing/conference call and motion to appoint counsel (Doc. 36); motion for a status update (Doc. 38); and "motion to establish fact or genuineness of answer or objection pursuant to Rule 36/request for extension due to defendants' failure to comply with discovery requests" (Doc. 42).

**I. Motion for Summary Judgment (Doc. 25)**

**A. Standard**

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of

summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield*, 295 F.3d at 615; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp.2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of pro se litigants to less stringent standards than formal

pleadings drafted by lawyers)); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). However, a party's status as a pro se litigant does not alter his duty to support his factual assertions with admissible evidence. *Maston*, 832 F. Supp.2d at 851-52 (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)). When opposing a motion for summary judgment, a pro se party cannot rely on allegations or denials in unsworn filings. *Id.* (citing *Viergutz*, 375 F. App'x at 485).

**B. Facts**

In June 2010, the Court sentenced plaintiff to a total of 180 months' imprisonment after a jury found him guilty on 11 fraud-related counts. *See United States v. Carter*, Case No. 1:08-cr-51 (S.D. Ohio Jun. 9, 2010), Doc. 103 at 1-3.[1]

Plaintiff filed a civil lawsuit against the United States in May 2016, alleging that the United States failed to respond to his FOIA request for "certified and authenticated records" related to the alleged "$4,000,000 obligation the government claims [plaintiff] had with PNC in 2004" in relation to his criminal conviction. *Carter v. United States*, Case No. 1:16-cv-530 (S.D. Ohio May 13, 2016), Doc. 3. In August 2016, the Court dismissed plaintiff's complaint without prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because he failed to exhaust his administrative remedies under FOIA. *Carter v. United States*, No. 1:16-cv-530, 2016 WL 4382725, at *1 (S.D. Ohio Aug. 16, 2016).

Plaintiff refiled a FOIA request on July 18, 2016, which sought the following information:

    A. A copy, front and back, of the Dynus Check in the amount of $9,500 given to Ms. [Mary C.] Rogers; ("Request 1")

---

[1] The Court considers certain facts to be undisputed, unless otherwise noted.

B. A copy of the Dynus Check Authorization Form showing approval of the Dynus Check to Ms. Rogers; ("Request 2")

C. The name of the bank which the Dynus Check, referenced in Item A above, was deposited and the date such deposit was made; ("Request 3")

D. The account name and number (minus the last 2 digits) in which the Dynus Check, referenced in Item A above, was deposited; and ("Request 4")

E. The name of the government official(s) in the Offices of the FBI and U.S. Attorney including any and all documents containing the name of the government official(s) who obtained the specific Dynus Check as requested in Item A above; and the date the Dynus Check was received, possessed, and entered into the evidence file maintained by the FBI and U.S. Attorneys Office. ("Request 5")

(Plaintiff's FOIA Requests, Exhibit A, Doc. 3-1 at 1-2; Doc. 25-2 at 1-2).

The Executive Office for United States Attorneys ("EOUSA"), the official record-keeper for United States Attorneys' Offices, responded to plaintiff on August 31, 2016 and wrote:

> All of the records you seek are being made available to you. We have processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a full release of 94 pages responsive to your request. No copies of requested check located.

(Exhibit B, Doc. 3-1 at 3-4). Plaintiff appealed the response of the EOUSA with the Office of Information Policy of the United States Department of Justice. (Exhibit D, Doc. 3-1 at 9-10). The Office of Information Policy affirmed the EOUSA's action on his request and stated:

> By letter dated August 31, 2016, EOUSA released to you ninety-four pages of responsive records in full. I have determined that EOUSA's response was correct and that it conducted an adequate, reasonable search for responsive records subject to FOIA.
>
> Furthermore, I am denying your request that we itemize and justify each item of the information withheld. You are not entitled to such a listing at the administrative stage of processing FOIA requests and appeals. See, e.g., Bangoura v. U.S. Dep't of the Army, 607 F. Supp. 2d 134, 143 n. 8 (D.D.C. 2009).

(*Id.*).

As such, after exhausting his administrative remedies, plaintiff reinitiated his FOIA action in this Court and filed a verified complaint on May 1, 2017. (Doc. 3).

**C. The Parties' Arguments**

Plaintiff states in his verified complaint[2] that he filed the above-mentioned FOIA request on July 18, 2016 to "obtain [ ] Dynus records including the Dynus Authorization Form and the Dynus Check which would support the government's claim." (Doc. 3 at 6). Plaintiff contends that the "government responded non-responsively." (*Id.*). Plaintiff acknowledges that the government responded to his FOIA request, but specifically states:

> Instead of providing the information requested [ ], the government provided "94 pages" of the trial testimony of its witness, James P. Smith, testimony that was solicited almost two (2) years after the government made its claim against Rogers and Dynus. . . .

(*Id.*).

Plaintiff proceeds to argue that the records provided by the government purportedly do not substantiate his criminal conviction.[3] (*See id.*). The remainder of plaintiff's verified complaint does not directly relate to his FOIA request, but rather focuses on his discontent with the handling of his criminal case and subsequent conviction. (*See, e.g.*, Doc. 3 at 7-20).

Defendants filed their motion for summary judgment on November 28, 2017. (Doc. 25).

---

[2] Plaintiff has failed to file a timely response in opposition to defendants' motion for summary judgment. However, his verified complaint constitutes evidence in opposition to defendants' motion. "A verified complaint . . . satisfies the burden of the nonmovant to respond" to a motion for summary judgment, unlike "mere allegations or denials" in unverified pleadings. *Thaddeus-X v. Blatter*, 175 F.3d 378, 385 (6th Cir. 1999) (en banc); *see also El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (a "verified complaint . . . carries the same weight as would an affidavit for purposes of summary judgment"). In his subsequent motions to compel (Docs. 28, 31), plaintiff argues that he is not able to respond to defendants' motion or prepare his own dispositive motion without discovery. The Court will address this argument *infra* in section II.

[3] For example, plaintiff states:

> Notably, the trial transcripts it provided confirms [sic] a $9,500 payment to Rogers was not approved nor paid by Dynus or Carter. Contrary to public press reports and reporting at the government's urging, Dynus nor Carter paid a bribe to Rogers. This is a bogus and fake narrative that was originated and falsely generated by federal prosecutors for prosecution purposes.

(Doc. 3 at 6).

5

Defendants argue that summary judgment should be granted in their favor because (1) the United States conducted a reasonable search for documents responsive to plaintiff's request and produced all responsive agency records, and (2) many of plaintiff's requests seek answers to questions or other information—not agency records. (*Id.* at 1). Defendants contend that they met their burden of showing that their search was reasonable, which only requires that an agency make a good faith effort to search for the requested records. (*Id.* at 3). Defendants argue that the focus is not on the result of the search but whether the search was reasonable. (*Id.* at 4). Defendants maintain that the United States produced 94 pages of documents responsive to plaintiff's FOIA request and did not withhold any documents under a FOIA exemption. (*Id.* at 6). Defendants also argue that summary judgment is appropriate because plaintiff's requests numbered 3, 4, and 5 seek responses to written questions, not the production of agency records. (*Id.* at 6-7). In support of their motion for summary judgment, defendants attach the declaration of David Luczynski, an Attorney Advisor of the FOIA unit with the EOUSA, who details the adequacy of the search that the EOUSA undertook in responding to plaintiff's FOIA request. (Luczynski Declaration, Doc. 25-1).

**D. Resolution**

The FOIA was enacted "to facilitate public access to Government documents." *United States Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). When a citizen seeks documents that are "reasonably described" in a request, FOIA requires an agency to make them "promptly available." 5 U.S.C. § 552(a)(3). The FOIA vests jurisdiction in the district court to enjoin an "agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)).

6

Generally, courts dispose of FOIA cases on summary judgment before a plaintiff can conduct discovery. *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 544 (6th Cir. 2001). *See also Sharkey v. F.B.I.*, No. 5:16-cv-837, 2017 WL 3336617, at *5 (N.D. Ohio Aug. 4, 2017). To obtain summary judgment in FOIA cases, such as this, where the agency represents that it has adequately responded to plaintiff's record request, the agency "must show that it made a 'good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information.'" *Rimmer v. Holder*, 700 F.3d 246, 256 (6th Cir. 2011) (quoting *CareToLive v. F.D.A.*, 631 F.3d 336, 340 (6th Cir. 2011)). *See also Sharkey*, 2017 WL 3336617, at *5 ("In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that it conducted a reasonable search of records in its custody or control . . . that was reasonably calculated to uncover all relevant information[.]") (quoting *Span v. U.S. Dep't of Justice*, 696 F. Supp.2d 113, 118 (D. D.C. 2010)).

The burden remains on the agency at all times to establish the adequacy of its search. *Rugiero*, 257 F.3d at 547 (citing *Patterson v. I.R.S.*, 56 F.3d 832, 840 (7th Cir. 1995)); *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994)). An agency "may rely on affidavits or declarations that provide reasonable detail of the scope of the search," which are normally entitled to a presumption of good faith. *Rugiero*, 257 F.3d at 547 (citing *Bennett v. DEA*, 55 F. Supp.2d 36, 39 (D. D.C. 1999)). *See also CareToLive*, 631 F.3d at 341 ("District courts typically dispose of [FOIA] cases on summary judgment based on affidavits from the agency describing the search procedures that it followed before allowing the plaintiff to conduct discovery"). This presumption, however, may be overcome when a plaintiff presents "evidence of bad faith in the agency's handling of the FOIA request." *Jones v. F.B.I.*, 41 F.3d 238, 242 (6th Cir. 1994). "[M]ere speculation that as yet uncovered documents may exist does not

7

undermine the finding that the agency conducted a reasonable search." *Steinberg*, 23 F.3d at 552 (quoting *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991)).

After careful review of the evidence, the Court finds that the government has satisfied its burden on summary judgment to establish that it conducted a reasonable search in response to plaintiff's FOIA request. In his declaration, Mr. Luczynski attests that as part of his official duties, he is familiar with the procedures that the FOIA Unit of the EOUSA followed in responding to plaintiff's record request. (Luczynski Declaration, Doc. 25-1 at ¶ 3). Mr. Luczynski attests that after receiving plaintiff's request, the EOUSA forwarded the request to its FOIA Contact for the Southern District of Ohio. (*Id.* at ¶ 9). The FOIA Contact began a systematic search for records on "Dynus Corp," "Rogers," and "Orlando Carter" and specifically searched records from case files related to plaintiff's criminal prosecution. (*Id.*). To locate records, the FOIA Contact used the "LIONS" system, which is the computer tracking system for the United States Attorney Offices. (*Id.*). The "LIONS" system allows a user to retrieve information from cases and investigations based on the defendant's name, the United States' Attorney's Office internal administrative number, and the district court case number for court cases. (*Id.*). All records responsive to plaintiff's request would have been located within this system through the United States Attorney's Office for the Southern District of Ohio. (*Id.*). Mr. Luczynski further attests:

> Each step in the handling of plaintiff's request has been entirely consistent with the EOUSA's and the USAO's procedures, which were adopted to ensure an equitable response to all persons seeking responsive records under the FOIA/[ ].

(Luczynski Declaration, Doc. 25-1 at page 4).

A declaration "from an agency responsible for supervising a FOIA search is all that is needed . . .; there is no need for the agency to supply affidavits from each individual who

participated in the actual search." *Knittel v. I.R.S.*, 795 F. Supp.2d 713, 719 (W.D. Tenn. 2010) (concluding that agency employee's declaration was made in good faith because it was not conclusory, was relatively detailed, and therefore was adequate to sustain defendant's burden on summary judgment that it conducted a reasonable search) (quoting *Carney v. United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994)). An agency's declaration should "'identify the searched files and describe at least generally the structure of the agency's file system' which renders any further search unlikely to disclose additional relevant information." *Id.* (quoting *Church of Scientology of Cal v. IRS*, 792 F.2d 146, 151 (D.C. Cir. 1986)). Here, Mr. Luczynski's declaration is entitled to a presumption of good faith. Mr. Luczynski is a FOIA Unit Attorney Advisor at the EOUSA who is familiar with the agency's FOIA procedures and the administration of plaintiff's FOIA request. Mr. Luczynski details the protocol that the EOUSA's FOIA Contact used to search for records responsive to plaintiff's request, including the computer tracking system and the search terms. Moreover, Mr. Luczynski maintains that all documents responsive to plaintiff's FOIA request would have been located in this system through the United States Attorney's Office for the Southern District of Ohio. *See Hertz Schram PC v. F.B.I.*, No. 12-CV-14234, 2014 WL 764682, at *7 (E.D. Mich. Feb. 25, 2014) (holding that an agency is not required to "search all possible sources in response to a FOIA request when it believes all responsive documents are likely to be located in one place.") (internal citations omitted). As such, Mr. Luczynski's declaration is sufficient to meet defendants' burden on summary judgment.

Plaintiff has not presented any evidence that defendants acted in bad faith in conducting the FOIA search nor has he presented any evidence that would create a genuine dispute of material fact precluding a grant of summary judgment to defendants. "Speculative claims about

9

the existence of additional documents are insufficient to rebut the presumption of good faith accorded to agency affidavits." *Span*, 696 F. Supp.2d at 119 (citing *Flowers v. IRS*, 307 F.Supp.2d 60, 67 (D. D.C. 2004)). In his verified complaint, plaintiff merely offers conclusory allegations that defendants have failed to "responsively respond pursuant to FOIA" and have failed to produce bank records supporting the government's criminal case against him. (*See* Complaint, Doc. 3 at 4, 6). However, the Sixth Circuit has stressed that the factual question lies with the adequacy of the agency's search and not whether the agency discovers every document. *CaretoLive*, 631 F.3d at 340. As stated by the Sixth Circuit:

> The Act does not require that agencies account for all of their documents, so long as they reasonably attempt to locate them. To defeat a motion for summary judgment the requestor must identify the specific deficiencies in the agency's response, which [plaintiff] has failed to do.

*CaretoLive*, 631 F.3d at 341.

Here, plaintiff requested two documents—a Dynus check in the amount of $9,500 and the Dynus check authorization form—and was advised that no such documents were located. Plaintiff's assertion that other records beyond those disclosed must exist and that the government concealed records is a conclusory assertion that cannot survive defendants' motion for summary judgment. *See CareToLive*, 631 F.3d at 346 ("[c]onclusory allegations that other undisclosed records must exist somewhere and that the agency is deliberately concealing records do not rise to the level of bad faith."); *Span*, 696 F. Supp.2d at 119 ("[plaintiff's] boilerplate allegations of bad faith do not constitute the 'specific facts' required to threaten the good faith presumption [of agency affidavits]"). In addition, plaintiff's requests numbered 3, 4, and 5 fall outside the scope of FOIA. Under FOIA, an individual "may only obtain access to records 'written or transcribed to perpetuate knowledge or events.'" *Lamb v. I.R.S.*, 871 F. Supp. 301, 304 (E.D. Mich. 1994) (quoting *Viaio v. Kelley*, 571 F.2d 538, 542-43

(10th Cir. 1978)). FOIA "neither requires an agency to answer questions disguised as a FOIA request . . . or to create documents or opinions in response to an individual's request for information." *Id.* These three requests seek information, not records. (*See* Plaintiff's FOIA Requests, Exhibit A, Doc. 3-1 at 1-2; Doc. 25-2 at 1-2). Accordingly, because defendants have presented evidence establishing that they conducted an adequate search in response to plaintiff's FOIA request and plaintiff has not presented any evidence or facts to call into question the reasonableness of this search, summary judgment should be granted in favor of defendants.

## II. Motions to Compel and Fed R. Civ. P. 56(d) Declaration Requesting Discovery (Docs. 28, 31); Motion for an Informal Discovery Conference (Doc. 27)

Plaintiff has filed several discovery motions in this matter. On December 4, 2017, plaintiff filed a motion for an informal discovery conference pursuant to Local Rule 37.1. (Doc. 27 at 1). In his motion, plaintiff represents that defendants have failed to respond to his discovery requests and he has attempted to resolve all discovery matters extra-judicially. (*Id.*).

Subsequently, on December 8, 2017, plaintiff filed a motion to compel and a declaration requesting discovery pursuant to Fed. R. Civ. P. 56(d). (Doc. 28). Plaintiff moves the Court to defer consideration of defendants' motion for summary judgment until discovery is complete. (*Id.* at 1). Plaintiff represents that he cannot effectively respond to defendants' motion for summary judgment without the discovery he seeks. (*Id.* at 8). Specifically, plaintiff argues that defendants have attempted to evade discovery by failing to respond to a federal subpoena with a deadline of November 30, 2017 and failing to respond to his first set of combined discovery requests that were issued on November 3, 2017. (*Id.* at 1-2). Plaintiff's discovery requests seek certified and authenticated bank records related to his bank fraud conviction in 2009. (*Id.* at 3). In his Rule 56(d) declaration, plaintiff lists several individuals who he intends to subpoena and depose regarding the existence of the bank records, including several government attorneys and

11

officials, bank officials, and private individuals. (Doc. 28-1, Carter Declaration at ¶ 3). Plaintiff also lists several questions that he intends to ask these individuals. (*Id.*). Plaintiff declares:

> The answers to these questions which I will obtain via discovery will allow me to properly respond in opposition to Defendant's motion for summary judgment. The material and information obtained will show exactly that neither a reasonable search was performed nor a "responsive" response was provided by Defendant because discovery will prove no such records exist or ever existed, contrary to Defendant's claim. Defendant's claim is materially misleading regarding a responsive response.

(*Id.*).

Plaintiff filed a motion to compel again on December 27, 2017, reiterating the same arguments in his first motion to compel and maintaining that defendants have failed to respond to his discovery requests, which hinders his ability to respond to their motion for summary judgment. (*See* Doc. 31).

In response, defendants represent that on November 30, 2017, they sent plaintiff a letter acknowledging receipt of his combined set of interrogatories, requests for admissions, and requests for production of documents. (Doc. 32).

Defendants attach the letter, which states:

> We are in receipt of your request for Interrogatories and Admissions as of November 13, 2017. Answers to Requests for Admissions are due within 30 days. In order to meet that deadline and to satisfy Rule 36(a)(5), we submit this letter to inform you the government objects to and denies all admissions on the ground that none of your requests for admissions are material to the FOIA Complaint under 5 USC §552 but rather to your criminal case.
>
> Complaints filed under 5 USC §552 are not used to provide a vehicle to re-argue criminal cases but rather to show whether an agency improperly withheld agency records. None of your admissions address documents improperly withheld by the government.

(Doc. 32-2).

Defendants argue that they have not failed to produce documents because the discovery

deadline is not until April 24, 2018. (Doc. 32 at 2). Defendants argue that they responded to plaintiff's requests for admission on November 30, 2017 in compliance with Fed. R. Civ. P. 36(a). (*Id.*). Defendants also contend that in FOIA cases, discovery is typically limited and the decision of whether to allow discovery rests within the discretion of the district court. (*Id.*) (citing *Wheeler v. C.I.A.*, 271 F. Supp.2d 132 (W.D. Tex. 2003)).

Rule 56(d)[4] governs the procedures to be followed when a party alleges additional discovery is necessary to respond to a motion for summary judgment:

> The affidavit or declaration required by the rule must "indicate to the district court [the party's] need for discovery, what material facts [the party] hopes to uncover, and why [the party] has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (citing *Radich v. Goode*, 866 F.2d 1391, 1393-94 (3d Cir. 1989)). A motion under Rule 56(d) may be properly denied where the requesting party "'makes only general and conclusory statements [in the supporting affidavit or declaration] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [document] to be discovered,'" *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004) (quoting *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit or declaration "lacks 'any details' or 'specificity.'" *Id.* (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989)). The importance of complying with Rule 56(d) cannot be over-emphasized. *See Cacevic*, 226 F.3d at 488. Finally, whether or not to grant a request for additional discovery falls within the trial court's discretion. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009).

*Bloodworth v. Timmerman-Cooper*, No. 2:10-cv-1121, 2013 WL 950931, at *1 (S.D. Ohio Mar. 12, 2013). However, as stated above, "[c]laims under the Freedom of Information Act are typically resolved without discovery on the basis of the agency's affidavits." *CareToLive*, 631

---

[4] Rule 56(d) provides:

When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) defer considering the motion or deny it;
    (2) allow time to obtain affidavits or declarations or to take discovery; or
    (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

F.3d at 345 (citing *Rugiero*, 257 F.3d at 544; *Carney*, 19 F.3d at 812) (holding that District Court did not abuse its discretion when it concluded that plaintiff failed to establish bad faith on part of the agency and denied the plaintiff's Rule 56(d) motion for discovery). A FOIA plaintiff "is not entitled to discovery based on [his] hope that [he] might find additional documents or [his] belief that the agency is withholding information." *Id.* (citing *Steinberg*, 23 F.3d at 552). Rather, "[i]n order to justify discovery. . . the plaintiff must make a showing of bad faith on part of the agency." *Carney*, 19 F.3d at 812.

Plaintiff has failed to establish the requisite bad faith on the part of the EOUSA to justify discovery in this case. *CareToLive*, 631 F.3d at 345. Plaintiff's Rule 56(d) affidavit describes the discovery he wishes to conduct. Plaintiff seeks to depose some 23 individuals (at the expense of the United States Department of Justice) on questions such as "Whether Defendant was responsive to Carter's FOIA requests?"; "Whether or not the affidavit of David Luczynski is self-serving or credible?"; and "Why was the search limited to only certain terms regarding the records sought?", among others. (Doc. 28-1, Carter Declaration at ¶ 3). Plaintiff's proposed requests amount to a fishing expedition in which he hopes to uncover some evidence of bad faith by the EOUSA in handling his FOIA request. Plaintiff alleges the information he obtains will show a reasonable search was not performed; however, plaintiff's affidavit and proposed discovery do not suggest, let alone establish, any bad faith on part of the EOUSA in conducting its FOIA search that would justify discovery prior to the resolution of the motion for summary judgment. "Discovery relating to the agency's search . . . generally is unnecessary if the agency's submissions are adequate on their face, and a district court may forgo discovery and award summary judgment on the basis of submitted affidavits or declarations." *Trentadue v. F.B.I.*, 572 F.3d 794, 807 (10th Cir. 2009) (citation omitted). Mr. Luczysnki's declaration

14

indisputably establishes that the EOUSA conducted a reasonable, detailed search and produced 94 pages of documents responsive to plaintiff's FOIA requests. Under FOIA, an agency only has an obligation to conduct a reasonable search, which the EOUSA has established in this case. *See CaretoLive*, 631 F.3d at 340. Accordingly, plaintiff's motions to compel/Rule 56(d) declaration requesting discovery (Docs. 28, 31) are denied. In light of the resolution of the motions to compel and the discovery issues in this matter, plaintiff's subsequent motions for an informal discovery conference (Doc. 27), motion for a discovery hearing/appointment of counsel (Doc. 36), motion for a status update (Doc. 38), and "Motion to Establish Fact or Genuineness of Answer or Objection Pursuant to Rule 36/Request for Extension Due to Defendants' Failure to Comply with Discovery Requests" (Doc. 42) are denied as moot.

### III. Plaintiff's motions for contempt (Docs. 33, 35)

On January 16, 2018, plaintiff filed a motion for an order holding Benjamin Glassman, U.S. Attorney for the Southern District of Ohio, in contempt under Fed. R. Civ. P. 45 for failing to comply with a subpoena issued on November 17, 2017. (Doc. 33). Plaintiff maintains that Mr. Glassman and the U.S. Department of Justice failed to produce requested documents, including the bank records mentioned above in connection with the FOIA request, in response to the subpoena. (*Id.*). Plaintiff contends that the subpoena was "served properly in full compliance with the requirements of Rule 45 of the Federal Rules of Civil Procedure." (*Id.* at 3).

On January 29, 2018, plaintiff filed a motion to hold William Demchak, Chairman of P.N.C. Bank, in contempt for failing to comply with a federal subpoena. (Doc. 35).[5] Plaintiff claims that Mr. Demchak responded to the subpoena on January 10, 2018 and provided certain bank records relating to the existence of a $250,000 Note from 2003 but because he "provided no certified and authenticated records showing the origination of a $4,000,000 debt, Mr. Demchak

---

[5] The Court notes that plaintiff's motion for contempt was never served on Mr. Demchak. (*See* Doc. 35 at 4).

15

failed to comply with the subpoena." (Doc. 35 at 2). In this same motion, plaintiff also moves for a declaratory judgment pursuant to Fed. R. Civ. P. 57 and asks the Court to issue an order declaring the following:

> The only certified and authenticated debt that was ever originated and existed between National City Bank nka PNC Bank N.A. and CBST Acquisition LLC, a Dynus subsidiary, is a $250,000 Note originated in 2003.

(Doc. 35 at 3).

Plaintiff's motions for contempt for failure to comply with a subpoena should be denied by reason of the limited role of discovery in FOIA cases described above. Rule 45 of the Federal Rules of Civil Procedure governs subpoenas and allows a party to command a nonparty to produce documents or tangible things. Fed. R. Civ. P. 45(a)(1). Rule 45(g) governs contempt and provides: "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). The majority of courts have held that Rule 45 subpoenas are discovery devices that follow the normal rules of discovery. *Luppino v. Mercedes-Benz Fin. Servs. USA, LLC*, No. 13-50212, 2013 WL 1844075, at *5 (E.D. Mich. Apr. 11, 2013), *adopted*, No. 13-50212, 2013 WL 1844073 (E.D. Mich. Apr. 30, 2013) (citation omitted). "Subpoenas under Rule 45, invoking the authority of the court to obtain the pretrial production of documents and things, are discovery within the definition of Fed. R. Civ. P. 26. . . .). *Id.* (citation omitted). Because the evidence establishes that defendants conducted a reasonable search in response to his FOIA requests and plaintiff is therefore not entitled to discovery in this matter, it follows that plaintiff's motions for contempt should be denied.

Likewise, plaintiff's motion for declaratory judgment should be denied. Plaintiff's motion is frivolous and completely unrelated to his FOIA action against the United States. As

the District Court noted in plaintiff's prior FOIA case: "Plaintiff is hereby advised and cautioned that a cause of action to obtain documents under the Freedom of Information Act is not the vehicle through which a party may obtain a court order invalidating or otherwise challenging an earlier criminal conviction." *Carter*, 2017 WL 1044771, at *7. Accordingly, plaintiff's motion for contempt (Doc. 33) and motion for contempt/declaratory judgment (Doc. 35) should be denied.

**IV. Conclusion**

Based on the foregoing reasons, it is **RECOMMENDED** that:

1. Defendants' motion for summary judgment (Doc. 25) be **GRANTED**. It is **FURTHER RECOMMENDED** that this case be closed on the docket of this Court.
2. Plaintiff's motion for contempt (Doc. 33) be **DENIED**.
3. Plaintiff's motion for contempt/declaratory judgment (Doc. 35) be **DENIED**.

It is **ORDERED** that:

1. Plaintiff's motions to compel (Docs. 28, 31) are **DENIED.**
2. Plaintiff's motion for an informal discovery conference (Doc. 27) is **DENIED as MOOT.**
3. Plaintiff's motion for hearing/conference call and for appointment of counsel (Doc. 36) is **DENIED as MOOT.**
4. Plaintiff's motion for a status update (Doc. 38) is **DENIED as MOOT.**
5. Plaintiff's "Motion to Establish Fact or Genuineness of Answer or Objection Pursuant to Rule 36/Request for Extension Due to Defendants' Failure to Comply with Discovery

6. Requests" (Doc. 42) is **DENIED as MOOT.**

Date: 4/3/18

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ORLANDO CARTER,
    Plaintiff,

vs.

UNITED STATES OF AMERICA, et al.,
    Defendants.

Case No: 1:17-cv-248
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).